**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5220**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HERMAN NATHANIEL SCOTT,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-267)

---

Submitted:  July 12, 2006          Decided:  August 11, 2006

---

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Katherine Carruth Link, West Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Herman Nathaniel Scott appeals his 188-month sentence. We previously vacated his 188-month sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). On remand, the district court determined that the applicable guideline range was 188 to 235 months of imprisonment. The court then heard argument from the parties regarding the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) factors and ultimately decided that the previous sentence was both reasonable and appropriate. On appeal, Scott contends that his sentence was unreasonable.

We review a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Id. at 546. Scott does not assert that the district court erred in determining the applicable advisory guideline range.

Next, the district court must consider this range in conjunction with other relevant factors under the guidelines and § 3553(a) and impose a sentence. Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47. "[A] sentence within the proper advisory Guidelines range

- 2 -

is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

A sentence may be unreasonable for either procedural or substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). While a district court must consider the various factors in § 3553(a) and explain its sentence, it need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345. "This is particularly the case when the district court imposes a sentence within the applicable Guidelines range." Id.

In this case, the district court calculated the guideline range and heard the arguments of counsel that discussed inter alia Scott's post-sentencing rehabilitation and attempts to provide substantial assistance. In addition, the court stated that it considered Scott's written memorandum. Although the district court did not discuss its sentencing deliberations in great detail, the court specifically cited Booker, Hughes, and § 3553 and imposed a sentence at the low end of the advisory guideline range. We find that, contrary to Scott's assertions, the sentencing transcript reflects that the district court considered the § 3553(a) factors

and adequately explained its reasoning in selecting the sentence imposed. Moreover, Scott has failed to overcome the presumption that his sentence, at the low end of the guideline range, was reasonable.

Accordingly, we affirm Scott's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
